Apriyandi v. Holder

BIA
Zagzoug, IJ
A087 976 856/857

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

FNU APRIYANDI, A.K.A. APRIYANDI
JONATHAN, A.K.A. APRIYANDI LNU,
IRMALA SARI, A.K.A. FNU IMALASARI,
A.K.A. IRMA PRISCILLA LASARI,
> *Petitioners,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

13-2151
NAC

_____

FOR PETITIONERS: Gary J. Yerman, New York, New York.

FOR RESPONDENT: Stuart F. Delery, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Jonathan

Robbins, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners FNU Apriyandi ("Apriyandi") and Irmala Sari (together, the "Apriyandis"), natives and citizens of Indonesia, seek review of a May 9, 2013, decision of the BIA affirming a February 17, 2011, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re FNU Apriyandi*, *Irmala Sari*, Nos. A087 976 856/857 (B.I.A. May 9, 2013), *aff'g* Nos. A087 976 856/857 (Immig. Ct. N.Y. City Feb. 17, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Given the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). The applicable standards of review are

2

well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also*

*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Apriyandi challenges the agency's finding that his asylum application was untimely.

The Immigration and Nationality Act strips the federal courts of jurisdiction to review the agency's findings that an asylum application was untimely and that the untimeliness is not excused by changed or extraordinary circumstances.  8 U.S.C. §§ 1158(a)(2)(B); 1158(a)(3).  Nonetheless, federal courts retain jurisdiction to review constitutional claims and "questions of law" arising from untimeliness determinations.  8 U.S.C. § 1252(a)(2)(D).  To determine whether jurisdiction exists in a particular case, we "study the arguments asserted" and ask, "regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,'" in which case those particular issues could be addressed.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006); *Gui Yin Liu v. INS*, 508 F.3d 716, 720 (2d Cir. 2007) (per curiam).

The regulations provide that extraordinary circumstances "may excuse the failure to file within the 1-year period as long as the alien filed the [asylum] application within a reasonable period given those circumstances." 8 C.F.R. § 1208.4(a)(5). There is no bright-line rule on what "reasonable" means; the agency has disapproved of giving "an automatic one year extension from the date" the extraordinary circumstance occurred (or ended), but acknowledged that there might be "rare cases" in which "a delay of 1 year or more may be justified." *In re T-M-H & S-W-C-*, 25 I & N Dec. 193, 193 (BIA 2010).

Apriyandi concedes that his asylum application missed the one-year deadline; he challenges only the agency's determination that he failed to establish "extraordinary circumstances" excusing his untimely filing. When Apriyandi arrived in the United States in 2005, he was 19 years old. He applied for asylum five years later, when he was 24 years old. He contends that his status as an unaccompanied minor was an extraordinary circumstance, and that thereafter, his "youth and worries about his mother kept him from filing sooner." He thus "merely quarrels over the correctness of the factual findings" that led the agency to rule that his

4

circumstances were not extraordinary. *Xiao Ji Chen*, 471 F.3d at 329. We lack jurisdiction to review this argument.

We do have jurisdiction to review the agency's denial of withholding of removal and CAT relief. In the main, the Apriyandis challenge the finding that the events they suffered in Indonesia did not cumulatively amount to past persecution.

"[P]ersecution is the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Ivanishvili v. U.S. Dept. of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). At the other end of the spectrum, "mere annoyance and distress . . . characterize harassment." *Id.* at 342. The difference "is necessarily one of degree," *id.* at 341, which much be measured "with regard to the *context* in which the mistreatment occurs," *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (emphasis in original).

Here, the agency reasonably placed the Apriyandis' experiences on the harassment end of the spectrum. In her oral decision, the IJ was mindful of the "cumulative significance" of the events and considered them "in the aggregate." *Poradisova v. Gonzales*, 420 F.3d 70, 79 (2d Cir. 2005). Some of what the Apriyandis described could

5

"'vex, trouble, or annoy continually or chronically,'" but would not cause physical or mental "suffering or harm." *Ivanishvili*, 433 F.3d at 341 (quoting *Webster's 3d New Int'l Dictionary* 1031 (1981)). Neither Apriyandi nor his wife suffered lasting injury or sought medical treatment after these isolated incidents. Moreover, the agency was within its discretion to find that the Apriyandis' assailants appeared to be partly motivated by the monetary gains of extortion and robbery, in addition to ethnic animus. *See* 8 U.S.C. § 1158(b)(1)(B)(I) (providing that an asylum "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant"); *In re J-B-N & S-M*, 24 I. & N. Dec. 208, 214 (BIA 2007) ("[T]he protected ground . . . cannot be incidental, tangential, superficial, or subordinate to another reason for harm."). In short, the record does not compel reversal of the agency's finding that the Apriyandis failed to carry their burden of demonstrating past persecution. 8 U.S.C. § 1252(b)(4)(B).

Because of that failure, the Apriyandis needed to make an independent showing that they would be subjected to harm upon their return to Indonesia. 8 C.F.R. § 1208.16(b)(1).

They could do this by demonstrating either that they would be singled out for persecution or that there exists a pattern or practice of persecution of those similarly situated. *Id*. The Apriyandis did not claim before the IJ that they will be singled out for persecution, but did raise that claim (albeit in passing) before the BIA. Neither the IJ nor the BIA mentioned it in their decisions. In this Court, the Apriyandis argue that they will be singled out for harm based on their Christianity and the general country conditions in Indonesia. That argument is indistinguishable from their claim that there is a pattern or practice of persecution of Christians or ethnic Chinese in Indonesia.

The agency was within its discretion to reject that claim. In doing so, the IJ relied, in part, on the State Department's Bureau of Democracy, Human Rights and Labor August 2009 report that "since the violence of the late 1990s through 2003, there has been a dramatic drop in Christian-Muslim violence," and that in "Sulawesi, police cracked down on and arrested several suspects accursed of terrorism and other violent crime related to interreligious strife." That report also states that the Indonesian government officially recognizes six faiths (including Protestantism and Catholicism) and has "generally respected"

7

the constitutional protection for "all persons" to "worship according to his or her own religion or belief." Similarly, the State Department reports that although "public servants still discriminated against them," ethnic Chinese "played a major role in the economy, and increasingly participated in politics." We considered the Indonesian situation in *Santoso v. Holder*, and affirmed the agency's finding that no pattern or practice of persecuting ethnic Chinese and Catholics exists. 580 F.3d 110, 111-12 (2d Cir. 2009) (per curiam). Taking "judicial notice of the fact that Indonesia is a nation state consisting of approximately 6000 inhabited islands and that, in many places, Roman Catholicism is predominant," we upheld the agency's finding that "religious violence in Indonesia" is "very localized," and that ethnic Chinese "play a major role in the economy of the country." *Id*. at 112 (internal citations omitted).

Having reasonably found that the Apriyandis failed to establish eligibility for withholding of removal, the agency did not err in denying relief under the CAT, as that claim shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk