06-4069-ag
Poole v. Mukasey

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2007

Submitted: February 5, 2008          Decided: March 27, 2008

Petition for rehearing submitted: May 12, 2008
Petition for rehearing decided: May 20, 2008

Docket No. 06-4069-ag

- - - - - - - - - - - - - - - - - - - - - -
RODWELL ARLIE ANTHONY POOLE,
        Petitioner,


          v.

MICHAEL B. MUKASEY, Attorney General
of the United States, DEPARTMENT OF
HOMELAND SECURITY, and IMMIGRATION
AND CUSTOMS ENFORCEMENT (ICE),
        Respondents.
- - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, WINTER, and PARKER, <u>Circuit Judges</u>.

     Petition for rehearing of March 27, 2008, decision remanding derivative citizenship claim to Board of Immigration Appeals.

     Petition denied.

> Gregory G. Katsas, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Carol Federighi, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., submitted a brief for Respondents.

JON O. NEWMAN, Circuit Judge.

The Government has petitioned for rehearing of our March 27, 2008, decision remanding to the Board of Immigration Appeals ("BIA") the claim of Rodwell Poole for derivative citizenship. See Poole v. Mukasey, 522 F.3d 259 (2d Cir. 2008). The Government contends that we lacked authority to remand and that we erred in affording the BIA an opportunity to determine whether it would extend relief to Poole with respect to his citizenship claim.

Poole had filed a petition for review of a removal order based on his conviction of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), and a firearms offense, see id. § 1227(a)(2)(C). He claimed derivative citizenship through his naturalized mother and also claimed that he was entitled to be considered a national of the United States on the theory that he would have derived citizenship through his mother but for the delay by the Immigration and Naturalization Service in processing her citizenship application. The BIA dismissed as untimely his administrative appeal from an Immigration Judge's decision ordering removal and did not consider Poole's claim for derivative citizenship.

1. With respect to our remand authority, the Government relies on 8 U.S.C. § 1252(b)(5), governing court of appeals review of nationality claims. This provision specifies that, in the absence of factual disputes, "the court shall decide the nationality claim." Id.

-2-

§ 1252(b)(5)(A).[1]  In the Government's view, the authority to "decide" precludes a remand for further BIA consideration.  We disagree.

We believe the power to decide the merits of a claim for citizenship, initially presented to an administrative agency, necessarily encompasses the power to remand to that agency.  Cf. Rhodes-Bradford v. Keisler, 507 F.3d 77, 81 (2d Cir. 2007) (court has "inherent authority to remand the case to fix the defects we have identified" where a merits decision would deprive the court of jurisdiction).  Suppose, for example, that the BIA had rendered an opinion that was ambiguous as to whether it had accepted or rejected a claim for citizenship.  The need to remand for agency clarification would be obvious.  The need is equally great in the pending case where the BIA has failed to consider the citizenship claim.

Courts of appeals regularly remand for further consideration BIA decisions not involving citizenship claims despite the apparent absence of any statutory provision explicitly authorizing such remands.[2]  With respect to review in such cases, "the court of appeals

---

[1]In the event of a factual dispute, the court of appeals is to transfer the proceeding to the district court in which the claimant resides. See 8 U.S.C. § 1252(b)(5)(B).

[2]The broad remand authority set forth in 28 U.S.C. § 2106, which is located in chapter 133 of Title 28, is inapplicable because review

shall <u>decide</u> the petition only on the administrative record." 8 U.S.C. § 1252(b)(4)(A) (emphasis added). No court, as far as we are aware, has construed the authority to "decide" such cases to preclude a remand to the BIA.

To remand for consideration of a claim left unresolved by the BIA is not a failure to abide by the statutory obligation of a court of appeals to "decide" a nationality claim, as required by section 1252(b)(5)(A). A remand simply defers the decision until the matter returns to the court, if further review is sought, after appropriate agency consideration. Normally, the Government urges us to insist that the BIA have the initial opportunity to construe the statutes it administers. <u>See</u> <u>Immigration and Naturalization Service v. Ventura</u>, 537 U.S. 12, 16 (2002) ("Generally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands.").

2. With respect to the merits of Poole's citizenship claim, the Government contends that his claim fails because his mother did not receive her citizenship prior to his eighteenth birthday. <u>See</u> 8 U.S.C. § 1432(a) (repealed, but applicable to Poole's claim, <u>see</u> <u>Ashton v.</u>

---

of final orders of removal is governed "only by chapter 158 of Title 28, except as provided in subsection (b) of this section [specifying requirements for review of removal orders]." 8 U.S.C. § 1252(a)(1).

Gonzales, 431 F.3d 95, 97 (2d Cir. 2005)).  In our prior decision, we recognized that Poole's claim "appears to fail to satisfy the timing requirement of subsection 1432(a)(4)." See Poole, 522 F.3d at 265. Nevertheless, we remanded so that the BIA could consider whether the delay in processing the mother's application, submitted when Poole was sixteen, "might be some basis for relieving Poole" of the timing requirement, id. (emphasis added), and could determine "what relief, if any," Poole might receive, id. at 266 (emphasis added).  We see no reason not to obtain the BIA's views, which the Government regularly urges us to respect in most cases.

The petition for rehearing is denied.