*555 SUMMARY ORDER
Petitioner Luis Ramon Morales, a native and citizen of the Dominican Republic and a lawful permanent resident of the United States, seeks review of a January 5, 2006 decision of the Board of Immigration Appeals (“BIA”), denying his motion to reconsider a motion to reopen removal proceedings. Morales argues that, because he acquired United States citizenship from his father at the time of his birth, he is not removable as an aggravated felon under section 237(a)(2)(A)(iii) and (a)(2)(C) of the Immigration and Nationality Act (“INA”), 8 U.S.C. § 1227(a)(2)(A)(iii), (a)(2)(C). We assume the parties’ familiarity with the facts and record of prior proceedings, which we reference only to the extent necessary to explain our decision.
Although we generally lack jurisdiction to review orders of removal based, as Morales’s is, on an alien’s commission of aggravated felonies, see 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to resolve constitutional claims or questions of law, see id. § 1252(a)(2)(D); Pierre v. Gonzales, 502 F.3d 109, 113 (2d Cir.2007), including whether a petitioner has a valid claim to United States citizenship, see Poole v. Mukasey, 522 F.3d 259, 262 (2d Cir.2008). Section 242(b)(5)(A) of the INA provides: “If [a] petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner’s nationality is presented, the court shall decide the nationality claim.”[2] 8 U.S.C. § 1252(b)(5)(A). If, however, there is a genuine issue of material fact about the petitioner’s nationality, “the court shall transfer the proceeding to the district court of the United States for the judicial district in which the petitioner resides for a new hearing on the nationality claim and a decision on that claim.” Id. § 1252(b)(5)(B). In determining whether there is a genuine issue of material fact, we apply the same principles employed when reviewing a grant of summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Agosto v. INS, 436 U.S. 748, 754, 98 S.Ct. 2081, 56 L.Ed.2d 677 (1978).
As the party effectively seeking summary judgment, the government “bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law.” Rodriguez v. City of New York, 72 F.3d 1051,1060-61 (2d Cir.1995). To the extent Morales bears the burden of proof on an issue, as he does here on the issue of citizenship, the government can secure judgment by “pointing] to an absence of evidence to support an essential element of [Morales’s] claim.” Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995). In such circumstances, Morales can demonstrate a genuine issue of material fact only by advancing enough evidence to permit a reasonable factfinder to decide in his favor. See Mandell v. County of Suffolk, 316 F.3d 368, 377 (2d Cir.2003).
To determine whether Morales has satisfied this burden, we apply section 301 of the INA, the statute in effect on June 15, 1962, the date of Morales’s birth. See Drozd v. INS, 155 F.3d 81, 86 (2d Cir. 1998). Section 301 then provided:
(a) The following shall be nationals and citizens of the United States at birth:
(7) a person born outside the geographical limits of the United States and its outlying possessions of parents one of *556 whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years.
8 U.S.C. § 1401(a)(7) (1952).
Morales’s mother was a citizen of the Dominican Republic. His father, however, was born in Puerto Rico on March 19, 1900, and presumably acquired United States citizenship in 1917 pursuant to the Jones Act, 39 Stat. 951 (1917) (codified at 8 U.S.C. § 1402). Morales submits that his father left Puerto Rico for the Dominican Republic in 1919 and did not return to the United States until after Morales’s birth. Thus, assuming without deciding that presence in Puerto Rico between 1900 and the 1917 enactment of the Jones Act qualifies as presence in the United States under § 1407(a)(7), the key question to be decided in this case is whether Morales adduced sufficient evidence of his father’s presence in Puerto Rico through March 19, 1919, thereby satisfying the § 1407(a)(7) requirement of five years’ residence after attainment of the age of fourteen.
Morales’s evidence on this point consists principally of (1) a birth certificate showing that his father’s birth was registered in Puerto Rico on February 10, 1919; and (2) a sworn affidavit, dated June 18, 1971, from his father, which claims that he left Puerto Rico the same year. Because nothing in the record suggests that a person must be physically present to register his birth, the certificate is not probative of Morales’s father’s physical presence. Even if it were, the certificate demonstrates, at most, the father’s physical presence in the United States only through February 10, 1919, whereas § 1407(a)(7) would have required such presence through March 19, 1919. The father’s affidavit is probative of his physical presence. Nevertheless, because it does not specify a date of departure, it too is insufficient to permit the finding of presence through March 19 necessary to support Morales’s citizenship claim under § 1407(a)(7).
In sum, having failed to adduce sufficient evidence to demonstrate his father’s physical presence in the United States through at least March 19, 1919, Morales has no claim to citizenship under 8 U.S.C. § 1407(a) and remains an alien. Accordingly, we lack jurisdiction to hear his challenge to removal and, therefore, order the petition for review DISMISSED.[3]

. Our power to decide a nationality claim includes the power to remand the case to the administrative agency to which it was initially presented. See Poole v. Mukasey, 527 F.3d 257, 258 (2d Cir.2008).

. Without expressing an opinion on the merits of Morales’s claim to United States citizenship, we note, as discussed at oral argument, that the disposition of this petition should not preclude Morales from independently pursuing a further investigation into facts that could establish his citizenship, or from taking actions as may be appropriate to bring such information, if any, to the attention of the BIA.