Ordonez Azmen v. Holder

BIA
Gordon-Uruakpa, IJ
A096 482 048

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fourteen.

PRESENT:
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
            *Circuit Judges.*
_____

MARIO ORDONEZ AZMEN, AKA DAVID PEREZ,
AKA MARIO ENRIQUE ORDONEZ AZMEN,
        *Petitioner,*

        v.                                    13-2769
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         David M. Sperling, Law Offices of
                        David M. Sperling, Central Islip,
                        NY; Charles Roth, Lisa Koop,
                        National Immigrant Justice Center,
                        Chicago, IL; Gaelen Schumann, Hayley
                        Steptoe, Julie Decker, Student
                        Attorneys; Benjamin Richard Casper,

**Katherine Evans, University of Minnesota Law School, Center for New Americans, Federal Immigration Litigation Clinic, Minneapolis, MN.**

**(Fatma E. Marouf, Associate Professor of Law, University of Nevada, submitted a brief for *amicus curiae* William S. Boyd School of Law Immigration Clinic, in support of Petitioner.)**

**FOR RESPONDENT:** **Stuart F. Delery, Assistant Attorney General; Papu Sandhu, Senior Litigation Counsel, Margaret J. Perry, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part, GRANTED in part, and REMANDED to the agency.

Mario Ordonez Azmen, a native and citizen of Guatemala, seeks review of a June 27, 2013, decision of the BIA affirming the December 9, 2010, decision of an Immigration Judge ("IJ") denying his application for asylum and statutory withholding of removal. *In re Mario Ordonez Azmen*, No. A096 482 048 (B.I.A. June 27, 2013), *aff'g* No. A096 482 048 (Immig. Ct. N.Y. City Dec. 9, 2010). We assume

2

the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Guan Shan Liao v. United States*, 293 F.3d 61, 66 (2d Cir. 2002).

We grant the motion of the University of Nevada School of Law Immigration Clinic to submit an *amicus curiae* brief.

**Asylum**

To be eligible for asylum, an individual must apply within one year after the date of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). There is an exception to this deadline if the applicant demonstrates "the existence of changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D). We lack jurisdiction to review a challenge to the agency's determination that an applicant did not demonstrate changed circumstances unless the challenge presents a legal question or constitutional claim. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D). Ordonez Azmen argues that the

3

BIA erred as a matter of law because it mischaracterized and ignored evidence showing changed circumstances. He is correct: the BIA erroneously stated that Ordonez Azmen did not raise "changed circumstances" with the IJ, and that he testified only to the 2004 murder of one former Mara 18 gang member. *See Gui Yin Liu v. INS*, 508 F.3d 716, 721-22 (2d Cir. 2007). To the contrary, Ordonez Azmen also testified that a former member of Mara 18 was murdered in 2010, shortly before Ordonez Azmen's merits hearing.

But the BIA's error was harmless. Ordonez Azmen argues that the 2010 murder constitutes "changed circumstances." This argument is without merit. Ordonez Azmen applied for asylum in 2008, two years prior to the 2010 murder. A change in circumstances is relevant if it affects eligibility for asylum – in other words, the event must trigger fear of persecution and, in turn, an asylum application. A 2010 murder could not have triggered Ordonez Azmen's 2008 asylum application. While the 2010 murder corroborates Ordonez Azmen's fears, because it occurred after Ordonez Azmen had applied for asylum, it is not evidence of a change that caused him to reconsider his eligibility for asylum. *See* 8 C.F.R. § 1208.4(a)(4)(ii) (an

4

alien shall apply for asylum within a reasonable period of the changed circumstances); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 320 n.1 (2d Cir. 2006). As a result, the agency did not err in pretermitting Ordonez Azmen's asylum application as untimely.

**Withholding of Removal under the INA and the Convention Against Torture**

Ordonez Azmen argues that even if his asylum application was untimely, he is eligible for statutory withholding of removal under the INA because he belongs to a cognizable social group. Ordonez Azman was granted withholding of removal under the Convention Against Torture ("CAT"). A threshold question is whether statutory withholding and CAT withholding differ. The relevant regulations suggest that these two forms of relief entail the same benefits and restrictions. *See* 8 C.F.R. § 1208.16(d). There may, however, be a difference with regard to termination. The government can terminate statutory withholding by showing that an alien will no longer be persecuted on account of a protected ground; it can terminate CAT withholding by showing that an alien will no longer be tortured. *See* 8 C.F.R. § 1208.24(f); Regulations Concerning the Convention Against Torture, 64

5

Fed. Reg. 8478, 8482 (Feb. 19, 1999).  However, because the BIA does not appear to have discussed differences between statutory and CAT withholding in a published decision, we remand for it to address that threshold issue in the first instance.

**Particular Social Group**

Ordonez Azmen sought statutory withholding on the ground that he is a member of a particular social group that shares some common, immutable characteristic that is beyond the power of the individual to change, or is so fundamental that it ought not be required to be changed.  8 U.S.C. § 1231(b)(3)(A); *Gashi v. Holder*, 702 F.3d 130, 136 (2d Cir. 2012).  A shared, immutable characteristic alone does not establish a particular social group, however.  The group also must be defined with sufficient particularity: it must be finite, not indeterminate.  *Gashi*, 702 F.3d at 136-37.  A group must be distinct – society must perceive those with the relevant characteristic as members of a group.  *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (per curiam); *Koudriachova v. Gonzales*, 490 F.3d 255, 261 (2d Cir. 2007).  To be socially distinct, a group need not be *seen* by society; it must instead be *perceived* as a group by society.  *Matter of W-G-R-*, 26 I&N Dec. 208, 216-17; *see*

6

*Matter of M-E-V-G-*, 26 I&N Dec. 227; *see also Paloka v. Holder*, 762 F.3d 191, 195, 197 (2d Cir. 2014) (approving the BIA's clarification in *Matter of W-G-R-* and *Matter of M-E-V-G-* of "the legal landscape for adjudicating 'particular social group' claims").

*Matter of W-G-R-*, *Matter of M-E-V-G-* (issued in tandem), and *Paloka* were all decided while Ordonez Azmen's petition was pending before the Court. The Government argues that remand is warranted to allow the BIA to "bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides." *Paloka*, 762 F.3d at 197-98 (internal quotations and alterations omitted). Conversely, Ordonez Azmen "finds the government's remand argument . . . quite odd," concluding that the BIA's case law "makes the result on remand a foregone conclusion." In *Matter of W-G-R-*, the BIA concluded that a group defined as "former members of the Mara 18 gang in El Salvador who have renounced their gang membership" was not cognizable because it lacked sufficient particularity. 26 I&N Dec. at 221-23.

However, Ordonez Azmen is a former member of Mara 18 in Guatemala City; the applicant in W-G-R- was from El

7

Salvador. Furthermore, the BIA concluded that the group "former members of Mara 18 in El Salvador" lacked particularity because it was too diffuse, and too broad and subjective — as described, it could include persons of any age, sex, or background, and was not limited to those who had a meaningful involvement with the gang. *Id*. at 221-22. On remand, the BIA can consider whether Ordonez Azmen's proposed social group is sufficiently particular and distinct to be cognizable under the agency's recent decisions. *See Paloka*, 762 F.3d at 198-99.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8