13-2769-ag
*Ordonez Azmen v. Lynch*

BIA
Gordon-Uruakpa, IJ
A096 482 048

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand fifteen.

PRESENT:
GUIDO CALABRESI,
CHESTER J. STRAUB,
ROSEMARY S. POOLER,
*Circuit Judges.*

_____

MARIO ORDONEZ AZMEN, AKA David Perez,
AKA Mario Enrique Ordonez Azmen,
*Petitioner,*

v.                                                          13-2769-ag

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Charles Roth, Lisa Koop, National
                           Immigrant Justice Center, Chicago, IL;
                           David M. Sperling, Law Offices of David
                           M. Sperling, Central Islip, NY; Gaelen
                           Schumann, Hayley Steptoe, Julia Decker,

Student Attorneys; Benjamin Richard
Casper, Katherine Evans, University of
Minnesota Law School, Center for New
Americans, Federal Immigration Litigation
Clinic, Minneapolis, MN.

(Fatma E. Marouf, Associate Professor of
Law, University of Nevada, submitted a
brief for *amicus curiae* William S. Boyd
School of Law Immigration Clinic, in
support of Petitioner).

**FOR RESPONDENT:**    Margaret J. Perry Senior Litigation
Counsel, Stuart F. Delery, Assistant
General; Papu Sandhu, Senior Attorney
Litigation Counsel; Office of Immigration
Litigation, United States Department of
Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board
of Immigration Appeals ("BIA") decision, it is hereby ORDERED,
ADJUDGED, AND DECREED that the petition for review is GRANTED and
the case is REMANDED to the agency.

Mario Ordonez Azmen, a native and citizen of Guatemala, sought
review of a June 27, 2013 decision of the BIA affirming the December
9, 2010 decision of an Immigration Judge ("IJ") denying his
application for asylum and statutory withholding of removal. *In re
Mario Ordonez Azmen*, No. A096 482 048 (B.I.A. June 27, 2013), *aff'g*
No. A096 482 048 (Immig. Ct. N.Y. City Dec. 9, 2010). In a summary
order issued on December 11, 2014, the Court granted the motion of
the University of Nevada School of Law Immigration Clinic to submit

2

an *amicus curiae* brief; denied Ordonez Azmen's petition for review of the agency's denial of asylum; and granted his petition with regard to statutory withholding of removal. *Ordonez Azmen v. Holder*, 593 F. App'x 65 (2d Cir. 2014)(summary order). Ordonez Azmen petitions for rehearing of his asylum claim. The petition for rehearing is GRANTED to consider the issues Ordonez Azmen raises. We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (citation omitted). We lack jurisdiction to review the agency's determination on "changed circumstances" unless the petitioner presents a question of law or a constitutional claim. 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).

Ordonez Azmen argues that the BIA erred as a matter of law because it mischaracterized and ignored evidence showing changed circumstances. He is correct: the BIA erred when it wrote that Ordonez Azmen did not raise "changed circumstances" with the IJ, and that he testified to only one murder that took place in 2004. To the contrary, Ordonez Azmen made the argument and testified in May 2010 about a second murder that took place in April 2010. Accordingly, the BIA mischaracterized the evidence, and we retain

3

jurisdiction to consider Ordonez Azmen's changed circumstances argument. *See Gui Yin Liu v. INS*, 508 F.3d 716, 722 (2d Cir. 2007).

An individual must apply for asylum within one year after arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). Ordonez Azmen arrived in the United States in 2003. He filed a defensive application for asylum in 2008, after he was placed in removal proceedings. His application was untimely.

There is an exception to the filing deadline if the applicant demonstrates "the existence of changed circumstances which materially affect the applicant's eligibility for asylum." 8 U.S.C. § 1158(a)(2)(D). To be eligible for asylum, an applicant must demonstrate a well-founded fear of future persecution. 8 U.S.C. § 1101(a)(42). Thus, a changed circumstance that materially affects an applicant's eligibility for asylum is one that elicits a fear of persecution or strengthens a preexisting fear. *Weinong Lin v. Holder*, 763 F.3d 244, 248-49 (2d Cir. 2014).

Ordonez Azmen argues that the 2010 murder of a former gang member constitutes "changed circumstances" excusing the tardiness of his application. The statute does not specify a sequence as between changed circumstances and an asylum application. While both this Court and the BIA have assumed that the changed circumstances must predate the asylum application, such assumptions are mere dicta.

4

*See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 320 n.1 (2d Cir. 2006) ("[P]etitioner referred to the then-impending birth of her second U.S. citizen child *not* as evidence of changed circumstances excusing an untimely asylum application — nor could she have, inasmuch as the pregnancy occurred *after* petitioner already had filed her asylum application . . . but rather, as further evidence establishing her alleged well-founded fear of persecution." (internal quotation marks omitted)(emphasis in the original); *Matter of T-M-H- & S-W-C-*, 25 I&N Dec. 193, 193 (B.I.A. 2010) (no automatic one-year extension in which to file an asylum application following "changed circumstances" under 8 U.S.C. § 1158(a)(2)(D), an alien must instead file within a reasonable period).

The arguments at stake are the following. On the one hand, it seems only logical that if asylum is to be granted because of changed circumstances, the petition for asylum should follow the changes justifying such a petition. On the other hand, there are practical considerations to the contrary. Persons seeking asylum are often ill-informed and poorly represented. Hon. Robert A. Katzmann, *The Marden Lecture: The Legal Profession and the Unmet Needs of the Immigrant Poor,* 21 Geo. JK. Legal Ethics 3, 7-10 (2008). A petitioner with a pending asylum application that was untimely at filing may rely on subsequent changed circumstances without realizing that a

full filing would be necessary. Since an untimely asylum application must be filed "within a reasonable period [of time] given those 'changed circumstances,'" 8 C.F.R. § 1208.4(a)(4)(ii), the resulting delay may well cause individuals to forfeit their claims for asylum. Thus, to avoid creating a trap for those who are ill-informed or ill-advised, a holding or regulation that treats such an *ex post* proffer of changed circumstances as having the same effect as a new application may both avoid disadvantaging such petitions and comport with judicial and administrative economy by eliminating unnecessary filings. The agency is well positioned to consider the relative merits of the above-mentioned logic and countervailing practicalities.

Accordingly, we remand to the BIA to consider whether, for the purposes of the changed circumstances exception to the one-year period for asylum applications, such "changed circumstances" must occur before the application is filed, requiring a successive asylum application to be filed subsequent to the "changed circumstances" for a petitioner to potentially receive relief, or such "changed circumstances" may occur after the application is filed, permitting them to be considered in determining a pending asylum application's timeliness. *See Poole v. Mukasey*, 527 F.3d 257, 259 (2d Cir. 2008) (noting that "[n]ormally the Government urges us to insist that the

6

BIA have the initial opportunity to construe the statutes it administers"). Under these circumstances, a precedential opinion or regulation would be especially useful.

For the foregoing reasons, the petition for rehearing is GRANTED, and we withdraw that part of our summary order of December 11, 2014, finding that the BIA's error in stating Ordonez Azmen failed to raise "changed circumstances" with the IJ harmless because the "changed circumstances" occurred after the application for asylum was filed.

The petition for review is also GRANTED insofar as it challenges the denial of statutory withholding of removal, and the case is REMANDED to the BIA for further proceedings consistent with both this order and the Court's December 11, 2014 summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7