## Matter of T-M-H- & S-W-C-, Respondents

*Decided January 29, 2010*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An alien does not receive an automatic 1-year extension in which to file an asylum application following "changed circumstances" under section 208(a)(2)(D) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a)(2)(D) (2006).

(2) Under 8 C.F.R. § 1208.4(a)(4)(ii) (2010), the particular circumstances related to delays in filing an asylum application must be evaluated to determine whether the application was filed "within a reasonable period given those 'changed circumstances.'"

FOR RESPONDENT: Nolan Cheng, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Todd Witten, Senior Attorney

BEFORE: Board Panel: FILPPU, PAULEY, and GREER, Board Members.

FILPPU, Board Member:

In a decision dated January 3, 2008, an Immigration Judge granted the respondents asylum under section 208 of the Immigration and Nationality Act, 8 U.S.C. § 1158 (2006), and declined to decide their requests for withholding of removal under section 241(b)(3) of the Act, 8 U.S.C. § 1231(b)(3) (2006), and protection under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted and opened for signature* Dec. 10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51, at 197, U.N. Doc. A/RES/39/708 (1984) (entered into force June 26, 1987; for the United States Apr. 18, 1988). The Department of Homeland Security ("DHS") has appealed from that decision. The record will be remanded to the Immigration Judge.

The respondents are a husband and wife who are natives and citizens of China. On appeal, the DHS first contends that the Immigration Judge erred to the extent he determined that the respondents' applications for asylum, which were filed within 1 year of the birth of their second child, were filed "within a reasonable period given those 'changed circumstances.'" 8 C.F.R. § 1208.4(a)(4)(ii) (2010). The DHS concedes the truth of the facts set forth by the respondents in their asylum applications but asserts that, as a matter of law, our decision in *Matter of J-W-S-*, 24 I&N Dec. 185 (BIA 2007),

precludes granting the respondents relief in this case. The respondents argue that 1 year is a "reasonable period" within which to file an asylum application based on "changed circumstances," and they contend that the Immigration Judge properly determined, based on the undisputed facts presented in this case, that they have a well-founded fear of persecution as a result of their violation of local Chinese family planning policies.

As an initial matter, the DHS does not identify any clear error in the Immigration Judge's findings of fact, and we find none. *See* 8 C.F.R. 1003.1(d)(3)(i) (2010). However, we disagree with the Immigration Judge's legal determination that the respondents satisfy an exception to the 1-year asylum filing deadline simply because their applications were filed within 1 year of "changed circumstances" that materially affect their eligibility for relief. Congress enacted the "changed circumstances" exception in conjunction with the 1-year asylum application filing deadline in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"). *See* sections 208(a)(2)(B), (D) of the Act. However, the Act remains silent with respect to precisely *when* an alien must file an asylum application in relation to material "changed circumstances." The regulations clarify that such an asylum application must be filed "within a reasonable period given those 'changed circumstances.'" 8 C.F.R. § 1208.4(a)(4)(ii). Although the term "reasonable period" is not defined in the Act or the regulations, some guidance is provided in the Supplementary Information to the interim and final rules implementing the provisions of the IIRIRA.

The "reasonable period" language was initially adopted based on public comment regarding prior proposed interim regulations that would have required an alien relying on "extraordinary circumstances" to file an asylum application "as soon after the deadline as practicable given those circumstances." Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10,312, 10,316 (Mar. 6, 1997) (Supplementary Information). In addition, the Supplementary Information to the final regulations implementing the provisions of the IIRIRA states the following with respect to aliens possessing a valid immigration status:

> Generally, the Department expects an asylum-seeker to apply as soon as possible after expiration of his or her valid status, and failure to do so will result in rejection of the asylum application. Clearly, waiting six months or longer after expiration or termination of status would not be considered reasonable. Shorter periods of time would be considered on a case-by-case basis, with the decision-maker taking into account the totality of the circumstances.

Asylum Procedures, 65 Fed. Reg. 76,121, 76,123-24 (Dec. 6, 2000) (Supplementary Information). Further, a more general explanation, not focused on aliens possessing a valid status, is provided regarding a "reasonable period" following changed or extraordinary circumstances:

> Certain commenters appeared to be confused about the amount of additional time an applicant should receive in order to file an application when it has been determined that a changed or extraordinary circumstance is present in a particular case. While most understood that the finding of changed or extraordinary circumstances justifies the tardiness being excused to the extent necessary to allow the alien a reasonable amount of time to submit the application, some believed that the alien would automatically receive one year from the date of the circumstance involved to file a timely application. Although there may be some rare cases in which a delay of one year or more may be justified because of particular circumstances, in most cases such a delay would not be justified. Allowing an automatic one year extension from the date a changed or extraordinary circumstance occurred would clearly exceed the statutory intent that the delay be related to the circumstance. Accordingly, that approach has not been adopted.

*Id.* at 76,124. Although the Supplementary Information is not binding, we find it a useful tool in interpreting the regulations at issue. *See generally Wakkary v. Holder*, 558 F.3d 1049, 1058 n.4 (9th Cir. 2009) (noting that "prefatory language to a regulation, although often informative, does not have the same binding force as do the regulations themselves"); *see also Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 158 n.13 (1982) (looking to a regulatory preamble to determine the administrative construction of a regulation). As a result, we conclude that the Immigration Judge improperly gave the respondents an automatic 1-year extension from the date their second child was born without evaluating their filing delays in relation to the particular circumstances involved. *See generally Wakkary v. Holder*, 558 F.3d at 1057-59.

However, we draw no conclusion with respect to whether the respondents' situation is akin to that of aliens whose immigration status is simply terminated or expires, such that a delay of less than 6 months may be reasonable under the circumstances, or whether it is one of those "rare cases" involving changed or extraordinary circumstances in which a delay of 1 year or more may be justified. In this regard, the Immigration Judge's decision contains insufficient findings of fact with respect to the respondents' specific circumstances for us to determine on appeal the reasonableness of an almost 9-month delay for the female respondent, and an almost 1-year delay for the male respondent, following the birth of their second child. We therefore find it appropriate to remand the record to the Immigration Judge. *See* 8 C.F.R. § 1003.1(d)(3)(iv).

Thus, on remand, the Immigration Judge should make additional findings of fact with respect to the particular circumstances involved in the delay of the respondents' applications and reconsider whether the respondents' situation warrants an exception to the 1-year asylum application filing deadline. In light of the necessity for further proceedings regarding this threshold issue, we decline to consider at this time the DHS's contentions regarding the merits of the respondents' asylum applications.

**ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.