**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAKHROM YERGASHEV and ALIMAA SANDAGSUREN,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, JR., Attorney General,<br><br>Respondent. | No. 07-72126<br><br>Agency Nos.  A097-886-029<br>A097-886-031<br><br><br>MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Aruged and Submitted August 9, 2010
San Francisco, California

Before: GRABER, CALLAHAN, and BEA, Circuit Judges.

Bakhrom Yergashev ("Yergashev") and Alimaa Sandagsuren (collectively,

"Petitioners") petition for review of the Board of Immigration Appeals' ("BIA")

decisions denying their applications for asylum, withholding of removal, and relief

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

under the United Nations Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.[1]

We review for substantial evidence the BIA's (1) determination that Petitioners' asylum application was not filed within a reasonable period after their change in circumstances and (2) denial of withholding and CAT relief. *See Muradin v. Gonzales*, 494 F.3d 1208, 1210-11 (9th Cir. 2007); *Taslimi v. Holder*, 590 F.3d 981, 988 (9th Cir. 2010). Since the BIA adopted the immigration judge's ("IJ") decision citing *In re Burbano*, 20 I. & N. Dec. 872, 874 (B.I.A. 1994) and added its own findings, we review both decisions. *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc); *Siong v. INS*, 376 F.3d 1030, 1036 (9th Cir. 2004).

An alien who does not apply for asylum within a year after entering the United States may apply for asylum following changed circumstances that materially affect his eligibility, including his activities outside the country of feared persecution that place him at risk. 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 1208.4(a)(4)(i). He must apply within a reasonable period given the changed circumstances. 8 C.F.R. § 1208.4(a)(4)(ii).

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

Substantial evidence supports the IJ's determination that Petitioners' ten-month delay in filing for asylum following their interfaith marriage was not reasonable, because Petitioners proffered no circumstances to excuse their late filing. Given Petitioners' failure to explain their delay, there is no need for a remand. *See Matter of T–M–H–*, 25 I. & N. Dec. 193, 195-96 (BIA 2010). Finally, if the BIA's reference to the Supplementary Information issued by the Attorney General in implementing the Illegal Immigration Reform and Immigrant Responsibility Act's provisions was in error, it was harmless because the BIA did not treat the commentary as binding and the agency's other grounds for denying Petitioners' asylum application were sufficient. *See* 65 Fed. Reg. 76,121, 76,124 (Dec. 6, 2000).

Yergashev, the lead applicant, did not allege past persecution and has not made a compelling showing of future persecution in Uzbekistan based on a statutorily protected ground. 8 U.S.C. § 1231(b)(3); *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). Yergashev does not fear persecution from the Uzbek government or police, and significant record evidence contradicts his assertion that Sharia law is enforced in Uzbekistan. Moreover, no record evidence establishes that Islamic radical groups persecute interfaith Muslim-Buddhist couples. Although the record may support an inference that Uzbek society discriminates

against interfaith couples, this does not amount to persecution. *See Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc).

Yergashev has not shown his eligibility for CAT withholding of removal by demonstrating that he is more likely than not to suffer intentionally inflicted cruel and inhumane treatment. *Nuru v. Gonzales*, 404 F.3d 1207, 1221 (9th Cir. 2005). The record only indicates that the government allegedly tortures some suspected Islamic extremists, and Yergashev does not claim association with an Islamic extremist group.

Accordingly, the petition for review is **DENIED**.

Yergashev v. Holder, No. 07-72126

GRABER, Circuit Judge, concurring in part and dissenting in part:

I concur in the disposition's treatment of Petitioners' claims for withholding of removal and CAT relief. But I respectfully dissent from denial of the asylum claim on the ground of untimeliness. The majority incorrectly excuses as harmless the BIA's application of the wrong legal standard in determining that Petitioners' asylum petitions were untimely filed.

The BIA held that waiting more than six months to apply for asylum after a change in circumstances "would not be considered reasonable." In so holding, the BIA relied expressly on commentary to a regulation that, itself, does not create any presumption of unreasonableness after six months. See Wakkary v. Holder, 558 F.3d 1049, 1057-58 (9th Cir. 2009) ("[T]he regulations make clear that the reasonableness determination must be made 'under the circumstances,' on a case-by-case basis." (quoting 8 C.F.R. § 208.4(a)(5))). The majority holds that the BIA's error was harmless. But when reviewing an agency's decision, as distinct from a ruling of the district court, we are not allowed to decide that an agency was right for the wrong reason. See Navas v. INS, 217 F.3d 646, 658 n.16 (9th Cir. 2000) ("[T]his court cannot affirm the BIA on a ground upon which it did not rely."); see also Ornelas-Chavez v. Gonzales, 458 F.3d 1052, 1058 (9th Cir. 2006) ("[W]here the BIA applies the wrong legal standard to an applicant's claim, the

appropriate relief from this court is remand for reconsideration under the correct standard . . . .").

For those reasons, I would grant and remand with respect to the asylum claim.