MEMORANDUM *
Bakhrom Yergashev (“Yergashev”) and Alimaa Sandagsuren (collectively, “Petitioners”) petition for review of the Board of Immigration Appeals’ (“BIA”) decisions denying their applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.[1]
We review for substantial evidence the BIA’s (1) determination that Petitioners’ asylum application was not filed within a reasonable period after their change in circumstances and (2) denial of withholding and CAT relief. See Muradin v. Gonzales, 494 F.3d 1208, 1210-11 (9th Cir.2007); Taslimi v. Holder, 590 F.3d 981, 988 (9th Cir.2010). Since the BIA adopted the immigration judge’s (“IF”) decision citing In re Burbano, 20 I. & N. Dec. 872, 874 (B.I.A.1994) and added its own findings, we review both decisions. Abebe v. Gonzales, 432 F.3d 1037, 1040 (9th Cir.2005) (en banc); Siong v. INS, 376 F.3d 1030, 1036 (9th Cir.2004).
*406 An alien who does not apply for asylum within a year after entering the United States may apply for asylum following changed circumstances that materially affect his eligibility, including his activities outside the country of feared persecution that place him at risk. 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 1208.4(a)(4)(i). He must apply within a reasonable period given the changed circumstances. 8 C.F.R. § 1208.4(a)(4)(ii).
Substantial evidence supports the IJ’s determination that Petitioners’ ten-month delay in filing for asylum following their interfaith marriage was not reasonable, because Petitioners proffered no circumstances to excuse their late filing. Given Petitioners’ failure to explain their delay, there is no need for a remand. See Matter of T-M-H-, 25 I. & N. Dec. 193, 195-96 (BIA 2010). Finally, if the BIA’s reference to the Supplementary Information issued by the Attorney General in implementing the Illegal Immigration Reform and Immigrant Responsibility Act’s provisions was in error, it was harmless because the BIA did not treat the commentary as binding and the agency’s other grounds for denying Petitioners’ asylum application were sufficient. See 65 Fed. Reg. 76,121, 76,124 (Dec. 6, 2000).
Yergashev, the lead applicant, did not allege past persecution and has not made a compelling showing of future persecution in Uzbekistan based on a statutorily protected ground. 8 U.S.C. § 1231(b)(3); Al-Harbi v. INS, 242 F.3d 882, 888 (9th Cir.2001). Yergashev does not fear persecution from the Uzbek government or police, and significant record evidence contradicts his assertion that Sharia law is enforced in Uzbekistan. Moreover, no record evidence establishes that Islamic radical groups persecute interfaith Muslim-Buddhist couples. Although the record may support an inference that Uzbek society discriminates against interfaith couples, this does not amount to persecution. See Fisher v. INS, 79 F.3d 955, 962 (9th Cir.1996) (en banc).
Yergashev has not shown his eligibility for CAT withholding of removal by demonstrating that he is more likely than not to suffer intentionally inflicted cruel and inhumane treatment. Nuru v. Gonzales, 404 F.3d 1207, 1221 (9th Cir.2005). The record only indicates that the government allegedly tortures some suspected Islamic extremists, and Yergashev does not claim association with an Islamic extremist group.
Accordingly, the petition for review is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the patties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.