NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2464
_____

PINGTING YOU,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
Respondent

_____

On Petition for Review from a Decision
and Order of the Board of Immigration Appeals
BIA No. A088-805-015
Immigration Judge:  Hon. Frederic G. Leeds
_____

Submitted Under Third Circuit LAR 34.1(a)
June 10, 2013

BEFORE:  McKEE, *Chief Judge*, and AMBRO and NYGAARD, *Circuit Judges*.

(Opinion Filed: August 13, 2013)

_____

OPINION
_____

McKEE, *Chief Judge*.

Pingting You seeks review of a final order of removal issued by the Board of Immigration Appeals. Because we lack jurisdiction to review You's claim, we will dismiss the petition for review.

**I.**

You, a native and citizen of China, entered the United States on May 9, 2000, without inspection or parole. In April 2008, You filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. She claimed that she feared persecution in China based on her membership in the Chinese Democracy Party ("CDP"). You also claimed she feared forced sterilization in China based on the birth of her second child on November 20, 2004. The Department of Homeland Security denied the application and initiated removal proceedings against You. Before the Immigration Judge, You conceded removability and requested relief from removal based on her previously filed application for asylum, withholding of removal, and relief under the Convention Against Torture.

At the conclusion of the merits hearing, the IJ issued an oral decision pretermitting You's asylum claim as untimely but granting her request for withholding of removal. As to asylum, the IJ found that You had failed to file her application within one year of her arrival in the United States and had not shown that she filed her application within a reasonable time following materially changed circumstances. The IJ noted that You testified that her husband had been a member of the CDP since June 2006, she joined the

CDP in October 2007 and began publishing articles on the CDP website in November 2007 (the articles included discussion of government mistreatment of dissidents), and learned in December 2007 that her husband had filed a motion to reopen his removal proceeding based on his CDP membership. In light of these "particular facts," the IJ found it unreasonable for You to wait until April 2008 to file her asylum application. The BIA adopted the IJ's decision and dismissed You's appeal. The BIA affirmed that "[e]ven considering [You's] CDP membership constituted a changed circumstance . . ., the [IJ] properly determined that she failed to file her asylum application within a reasonable time period." A.R. 3-4. You petitioned for review, challenging the IJ and BIA's determination that she failed to file her asylum application within a reasonable period following materially changed circumstances.

## II.

Under 8 U.S.C. § 1158(a)(2)(B), a person seeking asylum must file an application within one year of her arrival in the United States. An untimely application may be excused if the applicant demonstrates "to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). In such instances, federal regulations require an applicant to "file an asylum application within a reasonable period given those 'changed circumstances.'" 8 C.F.R. § 1208.4(a)(4)(ii). You does not challenge the propriety of this regulation, but merely challenges the IJ's and BIA's determination that she did not "file an asylum application within a reasonable period" after the changed circumstance.

3

Congress has specified that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)." 8 U.S.C. § 1158(a)(3). Accordingly, we have held that § 1158(a)(3) stripped us of jurisdiction to review a "determination that an asylum petition was not filed within the one year limitations period, and that such period was not tolled by extraordinary circumstances." *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003). Even after Congress restored our jurisdiction to review "constitutional claims or questions of law raised upon a petition for review" in the REAL ID Act of 2005 § 106(a)(1)(A)(iii), 8 U.S.C. § 1252(a)(2)(D), it is clear that we remain without jurisdiction to review discretionary and factual determinations presented in petitions for review.

We have previously explained that the "language [in § 1158(a)(2)(D)] requiring an asylum applicant to make a demonstration to the Attorney General's 'satisfaction' implies that the Attorney General's determination" of whether the one-year filing period is tolled by changed or extraordinary circumstances "entails an exercise of discretion." *Sukwanputra v. Gonzales*, 434 F.3d 627, 635 (3d Cir. 2006). Similarly, in *Jarbough v. Attorney General*, 483 F.3d 184, 188-89 (3d Cir. 2007), we recognized that "challenges to the [agency's] extraordinary or changed circumstances determinations do not constitute 'questions of law' within the meaning of § 1252(a)(2)(D)." *Jarbough*, 483 F.3d at 189.[1]

---

[1] We also explained that "arguments such as that an [IJ] or the BIA incorrectly weighed evidence, failed to consider evidence or improperly weighed equitable factors are not questions of law under § 1252(a)(2)(D)." *Jarbough*, 483 F.3d at 189.

4

Contrary to You's argument, the IJ did not rely on a legal rule that waiting six months to file for asylum following changed circumstances is *per se* unreasonable. As the BIA explained, the IJ merely noted the decision in *Matter of T-M-H- & S-W-C-*, 25 I&N Dec. 193 (BIA 2010), and then considered particular facts in You's case in reaching his conclusion. Accordingly, we conclude that You's petition does not raise a constitutional claim or question of law, but rather challenges a discretionary determination that we have no jurisdiction to review. *Sukwanputra*, 434 F.3d at 635.[2]

**III.**

For the reasons we have explained, we will dismiss the petition for review.

---

[2] You's citation to *Kucana v. Holder*, 558 U.S. 233 (2010), does not save this petition. There, the Supreme Court held that the proscription, under 8 U.S.C. § 1252(a)(2)(B), of judicial review of any discretionary decision or action of the Attorney General does not apply when the agency's discretion derives from a regulation rather than the federal statute. *Kucana*, 558 U.S. at 840. Here, however, the agency's discretionary authority derives from a statutory provision—8 U.S.C. 1158(a)(2)(D)—not from a regulation.