Lin v. Holder

BIA
Weisel, IJ
A077 340 710

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand thirteen.

PRESENT:
      ROBERT A. KATZMANN,
        *Chief Judge,*
      RICHARD C. WESLEY,
      PETER W. HALL,
        *Circuit Judges.*

_____

YU FENG LIN,
      *Petitioner,*

      v.                         10-4238
                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, New York, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; S. Nicole Nardone, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Yu Feng Lin, a native and citizen of the People's Republic of China ("China"), seeks review of a September 27, 2010 decision of the BIA dismissing her appeal from the August 13, 2008 decision of Immigration Judge ("IJ") Robert D. Weisel. The BIA found that Lin's new claim for asylum based on changed circumstances—specifically, the birth of her third child—was untimely because she failed to raise her new claim within a reasonable period of time after her third child was born.[1] *See* 8 C.F.R. § 1208.4(a)(4)(ii). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We lack jurisdiction to review the agency's decision rejecting Lin's application for asylum as untimely. *See* 8 U.S.C. § 1158(a)(3). Lin argues that the BIA erred by stating that she raised her new asylum claim for the first

---

[1] The BIA also independently rested its decision on the fact that Lin only showed changed personal circumstances, rather than changed circumstances in China. Respondent concedes that basis for the BIA's decision was in error. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)(i)(B).

time at a hearing before the IJ on August 13, 2008, rather than two weeks earlier when she submitted a pre-hearing supplemental statement to the IJ on July 31, 2008. But that argument merely quarrels with the agency's factual findings and does not raise a question of law over which we might exercise jurisdiction. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-32 (2d Cir. 2006); *Mendez v. Holder*, 566 F.3d 316, 323 ("[T]he agency does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy . . . ."). In any case, petitioner's third child was born on December 30, 2006; she does not explain why she waited until July 31, 2008 to raise her changed circumstances, or why that nineteen-month period of delay was reasonable. *See Matter of T.M.H. & S.W.C.*, 25 I. & N. Dec. 193 (B.I.A. 2010).

For the foregoing reasons, the petition for review is DISMISSED, and petitioner's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3