Umirov v. Whitaker

BIA
Christensen, IJ
A088 427 970

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand eighteen.

PRESENT:
>       PETER W. HALL,
>       DEBRA ANN LIVINGSTON,
>       GERARD E. LYNCH,
>               *Circuit Judges.*

_____

RUSLAN UMIROV, AKA RUSLAN
UMIROVA,
>       *Petitioner,*

>       v.                                          17-597
>                                                   NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Nicole Abruzzo Hemrick, Law
                         Offices of Spar & Bernstein, P.C.,
                         New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Terri J.
                         Scadron, Senior Litigation
                         Counsel; Stefanie Notarino Hennes,

Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ruslan Umirov, a native of the former Soviet Union who was born in what is now Kazakhstan,[1] seeks review of a February 1, 2017, decision of the BIA affirming an April 19, 2016, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ruslan Umirov,* No. A 088 427 970 (B.I.A. Feb. 1, 2017), *aff'g* No. A 088 427 970 (Immig. Ct. N.Y. City Apr. 19, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We note at the outset that Umirov only challenges the agency's denial of asylum, and has thus waived his claims for

---

[1] Umirov argues that he is not a citizen of Kazakhstan. The agency found the record of Umirov's citizenship inconclusive and ordered him removed to Kazakhstan because it was where he lived before coming to the United States and the location of his birth. 8 U.S.C. § 1231(b)(2)(E)(iii), (vi).

withholding of removal and CAT relief. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (providing that issues not raised in an opening brief are waived). The agency denied asylum on two alternative bases: Umirov failed to timely file his application and, assuming timely filing, he failed to establish a well-founded fear of persecution in Kazakhstan. Because the timeliness ruling is dispositive, we decline to reach the agency's alternative burden determination. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

With respect to the timeliness ruling, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). To be eligible for asylum, an alien must provide clear and convincing evidence that he applied for asylum within one year of entering the United States or show "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the [one-year] period." 8 U.S.C.

§ 1158(a)(2)(B), (D). Our review of the agency's timeliness ruling is limited to constitutional claims and questions of law. 8 U.S.C. §§ 1158(a)(3); 1252(a)(2)(D). Although Umirov's challenges to the timeliness ruling lack merit, as discussed below, they are not "so insubstantial and frivolous" that we lack jurisdiction to review them. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008).

The Immigration and Nationality Act ("INA") and the agency's regulations set out the "extraordinary circumstances" that excuse the failure to meet the 1-year application deadline. 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(5) For example, "unaccompanied alien children" or "unaccompanied minors" are excused from filing for asylum within the one-year period. 8 U.S.C. § 1158(a)(2)(E); 8 C.F.R. § 1208.4(a)(5)(ii). Although this exception is limited to *unaccompanied* minors, the agency assumed that Umirov was excused from applying for asylum until he turned 18 years old. Failure to file within the one-year filing deadline is also excused where the applicant maintains lawful immigration status or is given parole "until a reasonable period before the filing of the asylum application." 8 C.F.R. § 1208.4(a)(5)(iv). The agency also accepted that Umirov's

4

status as a derivative beneficiary on his mother's relief application might trigger this exception.

However, the IJ determined that Umirov's failure to apply for asylum during the time period between December 2006 (when he turned 18) and September 2008 (when he was apprehended and initially detained, and his mother applied for a visa) was not reasonable. *See* 8 C.F.R. § 1208.4(a)(5) (providing that extraordinary circumstances "may excuse the failure to file within the 1-year period as long as the alien filed the [asylum] application within a reasonable period given those circumstances"); *In re T-M-H & S-W-C-*, 25 I. & N. Dec. 193 (B.I.A. 2010) (holding that there is no bright-line rule, but delays of greater than six months will generally be unreasonable). Accordingly, the issue is whether any other extraordinary circumstance excused Umirov's failure to file during this period.

We retain jurisdiction to review Umirov's arguments that the IJ misapplied the legal standards or overlooked or misconstrued evidence in reaching the conclusion that there was no other extraordinary circumstance. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). However, as discussed below, these arguments lack merit.

Umirov first argues that the agency failed to consider whether his psychiatric conditions (including post-traumatic stress disorder and depression) were an extraordinary circumstance that excused his delay in seeking asylum. *See* 8 C.F.R. § 1208.4(a)(5)(i) (listing "[s]erious illness or mental or physical disability" as one extraordinary circumstance); (ii) (defining "legal disability" to include "suffer[ing] from a mental impairment"). However, while Umirov submitted mental health evidence and testified briefly about his conditions, he did not testify or argue before the IJ that his conditions were an extraordinary circumstance that prevented him from applying for asylum. Because the IJ acknowledged Umirov's mental health conditions and concluded that they did not affect Umirov's competency, remand is not warranted. *Xiao Ji Chen*, 471 F.3d at 336 n.17 ("We presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."); *Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006) (the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner").

6

Umirov also argues that the IJ erred in determining that his status as a minor ended at 18 years old rather than at 21 years old. However, as the BIA observed, the relevant INA provision that excuses "unaccompanied alien children" from meeting the one-year filing deadline, 8 U.S.C. § 1158(a)(2)(E), explicitly incorporates another provision that defines "unaccompanied alien child" as: a child who has no lawful immigration status, "has not attained 18 years of age," and has no parent or legal guardian in the United States available to care for him or her, *see* 6 U.S.C. § 279(g). Accordingly, the IJ did not err in finding that Umirov's minor status ended when he turned 18.

Absent any legal error in the agency's analysis, the ultimate question of whether Umirov's delay in applying for asylum was reasonable is a factual determination that we do not have jurisdiction to review further. 8 U.S.C. § 1158(a)(3); *Xiao Ji Chen*, 471 F.3d at 330-32.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule

34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8