Lopez-Garcia v. Barr

BIA
Nelson, IJ
A099 479 858

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty.

PRESENT:
      REENA RAGGI,
      RICHARD C. WESLEY,
      RAYMOND J. LOHIER, JR,
         *Circuit Judges.*

_____

GILMER ANTONIO LOPEZ-GARCIA,
      *Petitioner,*

      v.              18-735
                        NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Matthew C. Lamb, Pryor Cashman LLP, New York, NY.

                        Keith M. Rosen, Norton Rose Fulbright US LLP, New York, NY.

**FOR RESPONDENT:** Cindy S. Ferrier, Assistant Director; Andrew N. O'Malley, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Gilmer Antonio Lopez-Garcia, a citizen of Guatemala, seeks review of a February 14, 2018 decision of the BIA affirming a January 4, 2017 decision of an Immigration Judge ("IJ") pretermitting his asylum application as untimely filed. *In re Gilmer Antonio Lopez-Garcia,* No. A 099 479 858 (BIA Feb. 14, 2018), *aff'g* No. A 099 479 858 (Immig. Ct. N.Y. City Jan. 4, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified and supplemented by the BIA. *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). An asylum application generally must be filed within one year of entry. 8 U.S.C. § 1158(a)(2)(B). This time limit may be excused based on "either the existence of changed circumstances which materially affect the applicant's

2

eligibility for asylum or extraordinary circumstances relating to the delay in filing." *Id.* § 1158(a)(2)(D). When the time limit is excused, an application must be filed "within a reasonable period given" any "changed" or "extraordinary" circumstances. 8 C.F.R. §§ 1208.4(a)(4)(ii), (a)(5). Our jurisdiction to review findings regarding timeliness or reasonableness of delay given changed or extraordinary circumstances is limited to "constitutional claims or questions of law," *see* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D), and we review such claims de novo, *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

With these standards in mind, we conclude that Lopez-Garcia has raised a meritorious claim, based entirely on a question of law, and is entitled to remand. In particular, the BIA engaged in improper factfinding when it reviewed a different time period than the IJ in determining the reasonableness of Lopez-Garcia's filing delay.

The issue raised turns on the BIA's review of the IJ's decision. The BIA reviews factual findings "only to determine whether the findings of the immigration judge are clearly erroneous," and it reviews de novo "questions of law,

3

discretion, and judgment and all other issues in appeals from [IJ] decisions." 8 C.F.R. §§ 1003.1(d)(3)(i), (ii). "Except for taking administrative notice of commonly known facts . . . or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals." *Id.* § 1003.1(d)(3)(iv). And when the BIA engages in improper factfinding, it commits an error of law. *Padmore v. Holder*, 609 F.3d 62, 67 (2d Cir. 2010).

The IJ found that Lopez-Garcia's January 2010 HIV diagnosis was a qualifying change in circumstances, and the controlling filing date for his asylum application was April 2013, when he submitted his application after proceedings were reopened. The BIA agreed that the HIV diagnosis could constitute changed circumstances, but determined that the operative filing date was September 2011, when Lopez-Garcia filed his motion to reopen, which included his application for asylum.

What constitutes "filing" under the statute and regulations is a legal issue that the BIA properly reviewed de novo. *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("The [BIA] may review questions of law . . . de novo."); *see also* 8 C.F.R.

4

§ 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation.").  But once the BIA made this legal determination, it erred in evaluating de novo the reasonableness of Lopez-Garcia's 18-month filing delay from January 2010 to September 2011, a substantially shorter period than the January 2010 to April 2013 delay that the IJ considered.  The IJ's factual findings are subject to review only for clear error, and the BIA may not find facts in the first instance.  *See* 8 C.F.R. § 1003.1(d)(3)(i), (iv).  As we have explained, a determination "as to whether a petitioner has established 'changed' or 'extraordinary' circumstances . . . entails . . . a 'predominantly factual' inquiry," as well as a "discretionary determination."  *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 154 (2d Cir. 2006); see *Matter of T-M-H- & S-W-C-*, 25 I. & N. Dec. 193 (BIA 2010) (remanding to the IJ to make additional findings of fact as to whether the petitioner's filing after changed circumstances was reasonable); *see also* 8 C.F.R. §§ 1208.4(a)(4), (5) (defining "changed circumstances" and

5

"extraordinary circumstances" and providing a non-exhaustive list of what circumstances should be considered in determining whether a filing delay is reasonable).

The IJ commented that "[p]erhaps [Lopez-Garcia's] mental and psychological issues are sufficient to excuse the lateness of his filing his application for asylum within one year of entry . . . [but] they are [not] sufficient to excuse his delay in filing until 2013 when he clearly had been able to take steps to regularize his status in 2009 or 2010." S. App'x 9. The IJ further commented that Lopez-Garcia had mental health issues following his 2010 HIV diagnosis. Both of these comments indicate that the IJ may have engaged in a different factual analysis if faced with the correct and shorter time frame of January 2010 to September 2011.

While it is true that the BIA may review de novo the ultimate reasonableness of the delay in filing, it must apply that legal standard to the facts as found by the IJ. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals."); *see Weinong*

6

*Lin v. Holder*, 763 F.3d 244, 247 (2d Cir. 2014) ("[T]he BIA has no power to find facts."). Here, it is unclear how the IJ would have assessed the facts of a substantially shorter timeline. Compounding its error, the BIA provided no reasoning for its independent conclusion that the delay was unreasonable. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("We require a certain minimum level of analysis from the IJ and BIA . . . if judicial review is to be meaningful."). Accordingly, the BIA should have remanded to the IJ to consider in the first instance whether the shorter period was reasonable. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge . . . .").

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this order. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7