**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1796
_____

TERESA DEL ROSARIO PEREZ-FRANCO; X. P. F.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision
of the Board of Immigration Appeals
(Agency No. A206-633-288)
Immigration Judge: Dinesh C. Verma
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 30, 2021

Before: AMBRO, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: October 1, 2021)

_____

**OPINION**[*]
_____

_____

  [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Petitioner Teresa Perez-Franco and her minor daughter X.P.F., non-citizens from Guatemala, petition for review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial of their application for asylum and for withholding of removal.[1]  For the reasons set forth below, we will deny the petition.

## I.    DISCUSSION[2]

As relevant to our decision today, Petitioner raises two arguments: that the BIA erred in dismissing her asylum claim as untimely and that it erroneously affirmed the Immigration Judge's ("IJ") determination that her proposed particular social group ("PSG") of "single mothers from Guatemala without male protection" was not cognizable.[3]  Pet'r's Br. 10.  Neither is persuasive.

---

[1] Because Perez-Franco is applying for relief on behalf of both herself and her minor daughter, our use of the term "Petitioner" refers to both applicants.

[2] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b), 1208.31(e), and 1240.15, and we exercise jurisdiction under 8 U.S.C. § 1252(a).  Where, as here, "the BIA adopted and affirmed the IJ's decisions and orders as well as [conducted] an independent analysis, we review both the IJ's and the BIA's decisions and orders," *Ordonez-Tevalan v. Att'y Gen.*, 837 F.3d 331, 340–41 (3d Cir. 2016), and look to the IJ's opinion "only where the BIA has substantially relied on that opinion," *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009).  We review legal conclusions de novo, *Doe v. Att'y Gen.*, 956 F.3d 135, 141 (3d Cir. 2020), and defer to factual findings "if they are supported by reasonable, substantial, and probative evidence in the record considered as a whole," *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018).

[3] Because we will affirm the BIA's decision to dismiss Petitioner's asylum claim as untimely, we do not reach a third argument raised by Petitioner: that the BIA erred in rejecting her asylum claim for lack of corroborating evidence.  In addition, rather inexplicably, Perez-Franco does not challenge the BIA's determination: (i) that a defective notice to appear ("NTA") did not preclude the immigration judge's jurisdiction, *see Pereira*

First, Perez-Franco contends that the BIA erred in determining that her asylum application was untimely because, although it was not filed within one year of her arrival in the United States, 8 U.S.C. § 1158(a)(2)(B), "extraordinary circumstances" excuse her delay, *id.* § 1158(a)(2)(D). Specifically, she argues that she could not file her asylum application until the Government issued her a NTA on May 19, 2015, so by filing within six months of that notice, she submitted her application within a "reasonable time," making it timely under 8 C.F.R. § 1208.4(a)(5). Pet'r's Br. 7–8.

Whatever the merits of this argument, we lack jurisdiction to review the Attorney General's factual determinations regarding the timeliness of an asylum application or the applicability of particular exceptions. *See Jarbough v. Att'y Gen.*, 483 F.3d 184, 188–89 (3d Cir. 2007). Recognizing, however, that we may still consider constitutional claims or questions of law, *see* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D), Petitioner seeks to characterize her challenge as a legal question. She argues that the BIA was bound to find a delay of less than six months to be reasonable under its precedent in *Matter of T-M-H- & S-W-C-*, 25 I & N Dec. 193, 195 (BIA 2010), and that it improperly treated her delay in filing for asylum after an extraordinary circumstance as *per se* unreasonable. But, as the BIA recognized, its precedent only requires an IJ to evaluate the particular circumstances of the delay on a case-by-case basis, and here the IJ and BIA did just that. *See, e.g.*, A.R.

---

*v. Sessions*, 138 S. Ct. 2105, 2110 (2018); *Guadalupe v. Att'y Gen.*, 951 F.3d 161, 164 (3d Cir. 2020), or (ii) that she failed to establish her eligibility for protection under the Convention Against Torture ("CAT"). She has therefore waived any challenge to those determinations. S*ee United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005).

3

6 (observing that Perez-Franco did not adequately explain her delay given that "she had a representative with her at her credible fear interview"); A.R. 127 (noting that petitioner was "represented by counsel during her credible fear proceedings" and that therefore, "[c]onsidering the totality of [the] circumstances," Petitioner failed to provide a "satisfactory explanation" for her delay). Thus, the BIA did not espouse a bright-line rule, and what Petitioner challenges is a "factual or discretionary determination[]," *Jarbough*, 483 F.3d at 190, that we are "divest[ed] . . . of jurisdiction to review," *Sukwanputra v. Gonzales*, 434 F.3d 627, 635 (3d Cir. 2006).

Second, as for Perez-Franco's withholding-of-removal claim, we will affirm the BIA on the merits.[4] Perez-Franco argues that the IJ and BIA erred in concluding that her proposed PSG of single mothers without male protection could not be "defined with particularity," *Radiowala v. Att'y Gen.*, 930 F.3d 577, 583 (3d Cir. 2019) (citation omitted), because they failed to consider her expert testimony regarding violence against single mothers in Guatemala. But this evidence, while indeed disturbing, cannot establish particularity because, as we have repeatedly explained and as the IJ expressly noted, "[i]ndividuals in a group must share a narrowing characteristic other than their risk of being persecuted." A.R. 131 (citing *In re S-E-G*, 24 I & N Dec. 579, 584 (2008)); *see*

---

[4] We review mixed questions of fact and law by their component "separate factual and legal parts," where possible. *Google LLC v. Oracle America, Inc.*, 141 S. Ct. 1183, 1199 (2021); *accord Kaplun v. Att'y Gen.*, 602 F.3d 260, 271 (3d Cir. 2010). Thus, here we review de novo the ultimate legal conclusion as to the existence of a particular social group, while we review the underlying factual findings for "substantial evidence." *S.E.R.L.*, 894 F.3d at 543.

*also Radiowala*, 930 F.3d at 585; *S.E.R.L.*, 894 F.3d at 549; *Escobar v. Gonzales*, 417 F.3d 363, 367 (3d Cir. 2005). Perez-Franco provides no potential "discrete and definable boundaries" that could possibly "provide a clear standard for determining who is a member." *S.E.R.L.*, 894 F.3d at 552 (internal citation omitted). We therefore cannot conclude that "the evidence compels a different result" than that reached by the BIA. *Kang v. Att'y Gen.*, 611 F.3d 157, 164 (3d Cir. 2010) (quotation omitted).[5]

On a final note, we observe that Perez-Franco's counsel appears to have waived (i) her claim under *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018), and *Guadalupe v. Attorney General*, 951 F.3d 161, 164 (3d Cir. 2020), (ii) her claim for withholding of removal on the basis of her alternative proposed PSG,[6] and (iii) her CAT claim. The

---

[5] Because we affirm due to the failure to establish particularity, we need not address Perez-Franco's challenge to the IJ's determination that the PSG of "single mothers from Guatemala without male protection" lacked immutability. Pet'r's Br. 12.

[6] Before the IJ and BIA, Petitioner also pressed membership in a second PSG, "immediate family members of [] former military commissioner[s]." A.R. 7. The IJ found, and the BIA affirmed, a lack of corroborating evidence to support her story, including as to membership in this second proposed PSG. In this appeal, while counsel argues generally that "[t]he BIA relied on incorrect and overruled case law in deciding that Petitioners did not meet their burden of proof due to lack of corroborating evidence," Pet'r's Br. 6, he at no point mentions, much less discusses, how that argument relates to membership in this alternative PSG, and as such it appears to have been waived. To the extent a very generous read of Petitioner's brief lets us reach this argument, it is unpersuasive. Perez-Franco's brief asserts she was not provided with notice and an opportunity to corroborate her claim, but the record demonstrates otherwise, including a continuance to give her sufficient time to obtain the requested evidence. While the BIA erroneously cited *In re L-A-C*, 26 I & N Dec. 516 (BIA 2015), that error was harmless because the IJ clearly complied with the proper framework in his corroboration analysis, and substantial evidence supports the BIA's affirmance of those findings. *See Saravia v. Att'y Gen.*, 905 F.3d 729, 736 (3d Cir. 2018); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 554 (3d Cir. 2001).

interests at stake for those with well-founded claims of asylum and withholding of removal are great. *See, e.g.*, *McLeod v. Peterson*, 283 F.2d 180, 183 (1960). Failure to provide zealous advocacy not only disserves those petitioners, but also may expose counsel to claims of ineffective assistance.[7] *See Fadiga v. Att'y Gen.*, 488 F.3d 142, 155–59 (3d Cir. 2007). We therefore emphasize the solemn obligation of counsel in such cases—representing clients like Petitioner who "often do not speak English and are usually unfamiliar with our laws and procedures," *Xu Yong Lu v. Ashcroft*, 259 F.3d 127, 132 (3d Cir. 2001)—to stay current in evolving caselaw and to provide effective assistance of counsel.

## II. CONCLUSION

For the foregoing reasons, we will deny Petitioner's petition for asylum and withholding of removal.

---

[7] To prevail on a claim of ineffective assistance of counsel in removal proceedings, a petitioner "must show (1) that [s]he was prevented from reasonably presenting h[er] case and (2) that substantial prejudice resulted." *Fadiga v. Att'y Gen.*, 488 F.3d 142, 155 (3d Cir. 2007) (internal quotation marks omitted). Additionally, a petitioner must satisfy three procedural requirements, she must: "(1) support the claim with an affidavit attesting to the relevant facts; (2) inform former counsel of the allegations and provide counsel with the opportunity to respond (this response should be submitted with the alien's pleading asserting ineffective assistance); and (3) state whether a complaint has been filed with appropriate disciplinary authorities regarding [the allegedly deficient] representation, and if not, why not." *Id.* (citing *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (B.I.A. 1988)).