Perez Nagahama v. Garland

BIA
Straus, IJ
A208 484 537

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand twenty-two.

PRESENT:
      RICHARD C. WESLEY,
      JOSEPH F. BIANCO,
      ALISON J. NATHAN,
         *Circuit Judges.*

_____

YUMIKO DARDANETT PEREZ NAGAHAMA,
AKA YUMIKO PEREZ,
      *Petitioner,*

      v.                20-1840
                         NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Genet Getachew, Law Office of
                       Genet Getachew, Brooklyn, NY.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant
                        Attorney General; Cindy S.
                        Ferrier, Assistant Director;
                        Timothy G. Hayes, Senior
                        Litigation Counsel, Office of
                        Immigration Litigation, United
                        States Department of Justice,
                        Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioner Yumiko Dardanett Perez Nagahama, a native and citizen of Peru, seeks review of a May 21, 2020, decision of the BIA affirming an August 8, 2018, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yumiko Dardanett Perez Nagahama*, No. A208 484 537 (B.I.A. May 21, 2020), *aff'g* No. A208 484 537 (Immig. Ct. Hartford Aug. 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).

2

## I. Asylum

We remand for the agency to conduct the required factfinding and analysis regarding the reasonableness of Perez Nagahama's delay in filing her asylum claim following her changed circumstances. An asylum applicant must file an asylum "application . . . within 1 year after the date of . . . arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). There is an exception for "changed circumstances which materially affect the applicant's eligibility for asylum." *Id.* § 1158(a)(2)(D). Where there is such a change, the applicant must file an application "within a reasonable period given those 'changed circumstances.'" 8 C.F.R. § 1208.4(a)(4)(ii). The IJ concluded and the BIA assumed that Perez Nagahama's circumstances changed materially when she began living as openly gay in April 2015. What is a reasonable period for filing after a changed circumstance is a fact-specific inquiry: IJs should make specific "findings of fact with respect to the particular circumstances involved in the delay of the respondents' applications" to determine the reasonableness of the delay. *Matter of T-M-H- & S-W-C-*, 25 I. & N. Dec. 193, 195–96 (B.I.A. 2010).

Although our jurisdiction to review the agency's denial of an asylum claim as time barred is limited, Perez Nagahama has raised a reviewable question of law that the agency failed to apply the proper standard because it did not consider her specific circumstances before concluding that her delay was unreasonable. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008) (holding that question of law arises if agency applies "a legally erroneous standard"). We review questions of law de novo. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

The agency did not conduct the required factfinding and analysis. The IJ found that Perez Nagahama's asylum application was untimely because she did not apply within one year of beginning to live as openly gay. The IJ did not make the required determination as to whether Perez Nagahama's particular circumstances rendered the delay reasonable. *See* *T-M-H- & S-W-C-*, 25 I. & N. Dec. at 195-96 (remanding for IJ to consider whether 9-month to one-year delay in filing after the birth of the child that prompted fear of persecution under family planning policy was reasonable). The BIA affirmed the IJ's decision, stating that "upon consideration of respondent's change in lifestyle, the only changed

4

circumstance material to her asylum application, we determine that the respondent has not presented a 'rare case[] in which a delay of one year or more may be justified because of particular circumstances.'" A.R. 4.

*Matter of T-M-H- & S-W-C-* concluded that there is not "an automatic one[-]year extension" following a change in circumstance but acknowledged that there may be rare cases "in which a delay of 1-year or more may be justified." 25 I. & N. Dec. at 195. Accordingly, the BIA remanded for the IJ to make specific findings whether a delay of 9 months to a year following the changed circumstance was reasonable. *Id.* at 195–96. The BIA directed the IJ to make specific "findings of fact with respect to the particular circumstances involved in the delay." *Id.* at 195.

Here, the IJ did not make findings of facts regarding the reasonableness of the delay in light of the attendant circumstances. The BIA should have remanded to the IJ to consider whether the delay was reasonable. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *see also Lopez-Garcia v. Barr*, 838 F. App'x 573, 576 (2d Cir. 2020) (granting petition and remanding where BIA determined, in the first instance, the reasonableness of a delay following changed circumstances). Instead, the BIA

made its own factual determinations that Perez Nagahama beginning to live as openly gay did not make her delay reasonable and that the other facts she pointed to were not related to this underlying changed circumstance. Compounding this issue, the BIA gave no reasoning for its conclusion that the relevant circumstance made her delay unreasonable. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("We require a certain minimum level of analysis from the IJ and BIA ... if judicial review is to be meaningful."). Therefore remand is required as to Perez Nagahama's asylum claim.

## II. Withholding of Removal and CAT

We deny the petition as to withholding of removal and CAT relief. Perez Nagahama asserted a fear of persecution and torture in Peru as a gay woman. An applicant for withholding of removal and CAT relief has the burden to establish that she will "more likely than not" suffer harm rising to the level of persecution or torture. 8 C.F.R. § 1208.16(b)(2), (c)(2). The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222

6

(B.I.A. 1985), *overruled in part on other grounds, INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987). To justify relief, the persecution must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

Perez Nagahama argues that her country conditions evidence demonstrates that she will more likely than not be persecuted or tortured. We review the agency's factual findings for substantial evidence and its conclusions of law and application of law to facts de novo. *See Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020). We find no error in the agency's conclusion that Perez Nagahama failed to establish that she would more likely than not suffer harm rising to the level of persecution or torture. The agency reasonably concluded that, although Perez Nagahama could face hardship in Peru because of her sexual orientation, the evidence did not establish that she would "more likely than

7

not" be persecuted or tortured on the basis of her sexual orientation. *See* 8 C.F.R. §§ 1208.16(b)(2), (c)(2), 1208.18(a)(1); *Ivanishvili*, 433 F.3d at 341.

For the foregoing reasons, the petition for review is GRANTED in part and REMANDED for further consideration of the asylum claim and DENIED in remaining part as to withholding of removal and CAT relief. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8