# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2025

Lyle W. Cayce
Clerk

No. 25-60323
Summary Calendar

———————————

Julio Cesar Torres Canales,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A205 290 506

———————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Julio Cesar Torres Canales, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's (IJ) denial of his asylum application as untimely and his applications for withholding of removal and protection under the Convention Against Torture (CAT) on the merits.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60323

An alien must file his asylum application within one year after arriving in the United States unless he can demonstrate "changed circumstances which materially affect[ed his] eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(B), (a)(2)(D); *see Arif v. Mukasey*, 509 F.3d 677, 680 (5th Cir. 2007). The regulations governing the BIA provide that an alien who can demonstrate changed or extraordinary circumstances must still file his asylum application "within a reasonable period" in light of those circumstances. 8 C.F.R. § 1208.4(a)(4)(ii), (5); *see also Matter of T-M-H- & S-W-C-*, 25 I. & N. Dec. 193 (BIA 2010) (discussing the reasonable period requirement).

Here, the BIA determined that the ten plus years that passed between Torres Canales's conversion to Gnosticism and the filing of his asylum application was not a reasonable period of time. Torres Canales's counseled brief fails to address this finding, and he has forfeited our review of it. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *see also Smith v. Sch. Bd. of Concordia Par.*, 88 F.4th 588, 594 (5th Cir. 2023) (explaining what a party's brief must contain to avoid forfeiture). Because this finding is dispositive, we need not address Torres Canales's arguments regarding the merits of his asylum claim. *See Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693-94 (5th Cir. 2023) (citing *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)).

An applicant is entitled to withholding of removal if he shows that it is more likely than not that he will be persecuted on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). Where the persecutor is a non-government actor, the applicant "must also establish that the authorities were unable or unwilling to control" the persecutor. *Sanchez-Amador v. Garland*, 30 F.4th 529, 533 (5th Cir. 2022) (internal quotation marks and citation omitted). As the Respondent asserts, the BIA affirmed the IJ's finding that Torres Canales

failed to establish that the Honduran government was or would be unable or unwilling to protect him from the harms he suffered and feared would be inflicted on him by gang members. Torres Canales also fails to address this dispositive finding, and has forfeited review of it. *See Soadjede*, 324 F.3d at 833; *see also Smith*, 88 F.4th at 594. Thus, we need not consider his remaining arguments regarding withholding. *See Munoz-De Zelaya*, 80 F.4th at 693-94.

One who seeks CAT relief must show he more likely than not would be tortured with official acquiescence if repatriated. *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). "Acquiescence by the government includes willful blindness of torturous activity." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 225 (5th Cir. 2019) (internal quotation marks and citation omitted). Torres Canales's conclusory argument that he "additionally maintains that said torture will occur with the government's willful blindness to the offending conduct, as Honduras's inability to protect [the] civil populace from gang-based violence is well-established" is insufficient to preserve the issue for this court's review. *See Smith*, 88 F.4th at 594; *cf. United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) (deeming argument raised "in a one-sentence footnote [that] provide[d] no authority for the proposition" to be inadequately briefed and therefore abandoned). Again, we need not consider his remaining arguments regarding this form of relief. *See Munoz-De Zelaya*, 80 F.4th at 693-94.

The petition for review is DENIED.